José Frontera Maristany, Appellant, *v.* Registrar of Property of San Germán, Respondent.

No. 817. Argued November 3, 1930.—Decided December 18, 1930.

*O. Souffront* for appellant.

Mr. Justice Wolf delivered the opinion of the Court.

José Frontera Maristany sought to obtain some cancellations by virtue of the Act of August 29, 1923, as it was amended in 1924, which reads as follows:

"Section 1.—On written application of a party or of the representative of such party, authenticated before a notary, the Registrars of Property shall proceed to cancel in the respective register:

"(a) Mentions of mortgages or of deferred payments of the price of purchase and sale of real property, whether recorded in the old or new books of the registry, where more than twenty years have elapsed since the respective mention was made and when the interested party has not requested the entry of the mentioned right within the terms of one year from August 29, 1923, or has not brought suit to claim his right and entered such suit in the registry. Mentions of annuities (censos) shall not be cancelled in the old or new books of the registry when the interested party requests a transfer of the entry or mention of the right mentioned to the modern books of the registry within a term of two years counting from the day on which this Act takes effect, or within said term brings suit claiming his right and enters said suit in the registry; *Provided, further,* That on written request of a party or his representative, authenticated before a notary, said registrars of property shall also cancel in the respective registers such other mentions of rights for the payment of money as do not refer to the deferred payment of the purchase and sale of real property, provided no term is fixed or no indication is made in the title causing the mention that a lien is constituted on said real property, if over five years have elapsed."

The nature of the cancellations sought was as follows: with regard to a certain property known as "F," Juliana Vélez, apparently a former owner, recorded a transfer whereunder she paid a certain amount in cash and was to pay certain other amounts for which she agreed to execute a mortgage, and a similar mention was made with respect to a piece of property known as "G." On making the request for these cancellations the appellant also drew attention to the decision of this court in the case of *Quiñones* v. *Registrar of Mayagüez,* 39 P.R.R. 751. Here, as in that case, the mortgage was never actually made, and it is difficult to distinguish one case from the other. The registrar, however, says that in this case the mention made of the mortgage to be executed by Juliana Vélez was a definite lien on the property and

excluded from the Act of 1923; that the presumption would arise that Juliana Vélez made the mortgage. The appellant draws attention to the case of *Vega* v. *Ponce*, 34 P.R.R. 8, as clearing up some of the doubts of the registrar; but we prefer to base our decision squarely on the fact that the case could not be distinguished from the decision in *Quiñones* v. *Registrar, supra.* Perhaps it may be said that the mention of debts in the registry does not partake of a real character until the mortgage is executed and formally recorded.

The note should be reversed and the cancellations ordered.